UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BRUCE WIBBEN,

    Plaintiff,

v.                                           CASE NO.:

INTERBOND CORPORATION
OF AMERICA d/b/a BRANDSMART
A Florida Profit Corporation

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRUCE WIBBEN ("Mr. Wibben" or "Plaintiff") files this Complaint against Defendant INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART ("Defendant" or "IC"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action for interference and retaliation pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and for disability discrimination and retaliation pursuant to Chapter 760 of the Florida Civil Rights Act ("FCRA"). Plaintiff seeks to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

3. The Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Broward County, Florida, and the venue, therefore, for this case is the Fort Lauderdale Division of the Southern District of Florida.

6. Defendant is a Florida Profit Corporation that provides retail services in, among others, Broward County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered adverse employment action and was subjected to an

increasingly hostile work environment as a result of his disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the FCRA.

## CONDITIONS PRECEDENT

11. On or around January 31, 2019, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for the Defendant from April 26, 1999, until his wrongful termination on July 7, 2018, at which time he held the Sales Department Manager position.

16. In late 2017, Mr. Wibben began experiencing severe symptoms from what ultimately turned out to be a colon cancer and Atrial Fibrillation diagnosis.

17. Atrial Fibrillation and Colon Cancer are protected disabilities under the FCRA, and a serious health condition under the FMLA.

18. Plaintiff informed Defendant's management that he was suffering from serious medical issues that were affecting his ability to work.

19. Plaintiff notified management that he was in the process of seeking medical treatment to diagnose and treat his ongoing medical issues (which included, among other

things, bleeding, irregular heartbeat, sweating, fatigue, confusion, and drop in energy levels) and that he anticipated needing further time away from work for treatment for same.

20. Rather than notify him of his FMLA rights, or engage in the interactive process as both the FMLA and FCRA require, Defendant's management instead chastised Mr. Wibben for is performance, and oftentimes sent him home, over his objections, rather than allow him to stay in the workplace and perform his job duties.

21. Mr. Wibben's objections to disability discrimination are protected by the FCRA.

22. Defendant's failure to provide Mr. Wibben with proper guidance and notice of his FMLA rights was, alone, a clear violation of the FMLA and constituted actionable interference. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

23. On June 2018, Mr. Wibben's medical condition had become intolerable so that month, he notified Defendant's management that he would be undergoing a medical procedure on July 13, 2018, and would necessitate time away from work thereafter, to recover from same.

24. Again, Defendant refused to provide Mr. Wibben with information regarding his rights under the FMLA.

25. Instead, on July 4, 2018, Defendant demoted Mr. Wibben from his position, just a few days before he would undergo his medical procedure.

26. Shocked, Mr. Wibben objected to the demotion, and Defendant subsequently terminated his employment in violation of the law.

27. Mr. Wibben's objections do his unlawful demotion are likewise considered protected activity under the FCRA.

28. Defendant's termination of Mr. Wibben stemmed from its discriminatory animus toward his need for and/or use of FMLA leave and need for accommodation under the FCRA.

29. The timing of his termination makes the causal connection between his need for FMLA, his request for reasonable accommodations under the FCRA, and his termination sufficiently clear.

30. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

31. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

32. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

33. Defendant did not have a good faith basis for its actions.

34. Defendant's actions, including an unlawful demotion, are the exact type of unfair and retaliatory employment practices the FCRA and FMLA were intended to prevent.

35. Additionally, the facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the FCRA.

36. The Defendant was aware of Plaintiff's FCRA-protected medical condition and need for accommodation.

37. Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for taking a short-term leave of absence to seek treatment for his disability.

38. In short, despite the availability of reasonable accommodation under the FCRA, and despite the fact that Mr. Wibben would not be prevented by his disability to any degree in performing the duties, Defendant discriminated against Mr. Wibben based solely upon his disability.

39. Mr. Wibben is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Sales Department Manager.

40. Mr. Wibben did not need, or seek, any accommodation so drastic.

41. Instead, as he discussed with Defendant's management, he would simply need a short leave of absence to set up physician appointments, undergo a medical procedure, and treat his protected disability.

42. This accommodation would have imposed no undue hardship on Defendant.

43. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the Florida Civil Rights Act.

44. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

45. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

49. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

50. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is the member of protected classes as envisioned by the Florida Civil Rights Act.

51. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

52. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

## COUNT I:
## UNLAWFUL INTERFERENCE UNDER THE FMLA

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8, 15-20, 22-26, 28- 34, and 52 above.

54. At all times relevant hereto, Plaintiff was protected by the FMLA.

55. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

56. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

57. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

58. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands that this court will issue a declaratory judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II:
## UNLAWFUL RETALIATION UNDER THE FMLA

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8, 15-20, 22-26, 28- 34, and 52 above.

60. At all times relevant hereto, Plaintiff was protected by the FMLA.

61. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of FMLA protected leave.

62. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

63. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

64. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III:
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

66. Plaintiff realleges and adopts the allegations contained in Paragraphs 1-6, 9-21, 23, 25-29, 33-52 above.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

68. The discrimination to which Plaintiff was subjected was based on his disability, or "perceived disability."

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Florida Statutes; and provide any additional relief that this Court deems just and appropriate.

## COUNT IV:
## UNLAWFUL RETALIATION UNDER FLORIDA CIVIL RIGHTS ACT

73. Plaintiff realleges and adopts the allegations contained in Paragraphs 1-6, 9-21, 23, 25-29, 33-52 above.

74. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing disability discrimination under the FCRA.

75. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal disability discrimination, and was willful.

76. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. Plaintiff is entitled to recover damages and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA, require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; and provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 2nd day of July, 2020.

                                                    Respectfully Submitted,

                                                    ***/s/Noah E. Storch***
                                                    Noah E. Storch, Esq.
                                                    Florida Bar No. 0085476
                                                    RICHARD CELLER LEGAL, P.A.
                                                    10368 W. SR 84, Suite 103
                                                    Davie, Florida 33324
                                                    Telephone: (866) 344-9243
                                                    Facsimile:  (954) 337-2771
                                                    E-mail: noah@floridaovertimelawyer.com